# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **EMMANUEL OGEBE,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DOW JONES & COMPANY, DREW HINSHAW, JOE PARKINSON, AND GBENGA AKINGBULE,**<br><br>**Defendants.** | Civil No. 1:19-cv-00426-LO-IDD |

## MOTION EX PARTE TO SUBPOENA EVIDENCE FROM MRS DEANNA GELAK

Pursuant to Plaintiff's lawsuit against Defendant Dow Jones & Company, Inc. d/b/a *The Wall Street Journal* ("Defendant" or "WSJ") et al, now comes plaintiff to move this Court for entry of a subpoena Order compelling Mrs Deanna Gelak, a non-party respondent, to produce evidence within her custody as a former volunteer in Plaintiff's humanitarian project. Plaintiff Emmanuel Ogebe, in support thereof, hereby states as follows:

1. Plaintiff commenced this action on April 10, 2019. *See* Dkt. 1.

2. Plaintiff's cause of action is a defamation suit against the Defendants for their scurrilous portrayal of him, in an April 2018 publication, premised substantially on a campaign of calumny orchestrated by the Nigerian embassy against his humanitarian work and advocacy.

3. On September 3, 2018, Plaintiff e-mailed Mrs Deanna Gelak, a former volunteer on the humanitarian project, requesting her to produce the recording of Plaintiff's meeting with intelligence officers from the Nigerian embassy.

4. On September 18, 2018 Plaintiff e-mailed Deanna Gelak's husband, also a former volunteer, to assist in obtaining the said evidence from his spouse.

5. Plaintiff again e-mailed both Mr and Mrs Gelak on September 21, 2018 emphasizing his need for this evidence for a defamation lawsuit and reminding the volunteers

that he had first made the request for the recording on November 21, 2015. Mrs Gelak failed to provide same and, due to her lack of familiarity with the accents, her transcription of the recording was inadequate.

6. Plaintiff again called and emailed Mr and Mrs Gelak on August 6, 2019 making one final request for the evidence to be turned over. The Gelaks have rebuffed, ignored or failed to respond to these requests. The e-mail is attached as Exhibit A.

7. Plaintiff now urgently requires

   a. The recording of Plaintiff's meeting with intelligence agents of the embassy of Nigeria and all recordings made by Mrs Gelak during her time of volunteering on the project from 2015-2017 and

   b. all original documents, or where they no longer exist, copies thereof, and items that came into her possession related to the project directly or indirectly during that period

8. This is all the more urgent as Defendants have filed a motion seeking to introduce audiovisual evidence relating to the ongoings at a Fairfax school at which Mrs Deanna was present and from which she continues to hold relevant evidence that plaintiff requires.

9. The proposed order is hereby attached as Exhibit B.

10. WHEREFORE, Plaintiff Emmanuel Ogebe respectfully requests that the Court grant this Motion and enter an Order of subpoena to compel, Mrs Deanna Gelak, a non-party respondent, to produce evidence in her possession.

Dated: August _8_, 2019

Emmanuel Ogebe (Plaintiff Pro Se)
1025 Connecticut Avenue NW
#1000
Washington, DC 20036
justiceforjos@gmail.com

Subpoena to be served on non-party respondent
Deanna Gelak
7505 Inzer St.
Springfield, VA 22151

2

## SUPPORTING BRIEF

The Federal Rules of Civil Procedure provide that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. Moreover, the discovery rules are to be accorded broad and liberal construction. Herbert v. Lando, 441 U.S. 153, 177 (1979); see also CareFirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003) (holding that "[d]iscovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted"). If a party fails to produce requested information, the requesting party may move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B).

"[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C.2010). Despite the additional proportionality consideration required under the amendment to Rule 26, the Advisory Committee Notes provide that "the [2015 amendment] does not place on the party seeking discovery the burden of addressing all proportionality considerations." Fed. R. Civ. P. 26 advisory committee's, note to 2015 amendment.

## **CERTIFICATION**

I HEREBY CERTIFY that no attorney assisted with the preparation of this Motion.

_____
Emmanuel Ogebe
Plaintiff/Movant