IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EMMANUEL OGEBE, ) | |
| ) | |
| *Plaintiff,* ) | Civil No. 1:19-cv-426 |
| ) | Hon. Liam O'Grady |
| v. ) | |
| ) | |
| DOW JONES & COMPANY, DREW HINSHAW, ) | |
| JOE PARKINSON, AND GBENGA AKINGBULE, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

## ORDER

Before the Court is *pro se* Plaintiff's Motion for Equitable Accommodations in Covid-19 Exigency. Dkt. 114. Plaintiff seeks (A) to submit process to the court by e-mail to the clerk of court duly copied to the defendants, (B) to accept processes submitted by regular mail as filed effective the date of the postmark, and (C) to count response times for Plaintiff as business days (less weekends).

Upon due consideration, the Court declines to adopt (A)-(C). The Court will not allow filing via e-mail, but will allow five days beyond filing deadlines to accommodate mail delivery to the clerk's office. Weekend days will count the same as week days. As such, Plaintiff's motion (Dkt. 114) is hereby **GRANTED IN PART AND DENIED IN PART**.

Also before the Court are several of Plaintiff's filings seeking additional relief. Plaintiff filed a Notice of Objections to Denials of Subpoena, Extension of Time & Exceeding of Pages (Dkt. 107), Memorandum in Support of Application for Reliefs (Dkt. 112), and Plaintiff's Rule 56D Affidavit for Relief in Opposition to Defendant's Motion for Summary Judgment (Dkt.

113). While no motion is pending, all three docket entries seek similar relief pertaining to additional evidence in support of Plaintiff's Amended Complaint. The Court construes them as a single request, and addresses the outstanding issues here.

Plaintiff insists he must be able to subpoena additional evidence to complete his Amended Complaint (Dkt. 90) and his opposition to Defendants' pending Motion to Dismiss (Dkt. 100). Specifically, he claims there is a video within Defendants' control, and that he is prejudiced by the inability to obtain it by subpoena at this time. The Court disagrees.

To begin, Plaintiff appears to misunderstand the Court's Order (Dkt. 82) dismissing the initial Complaint. The Court identified certain deficiencies in Plaintiff's original allegations, and Plaintiff now states, "the court ordered more evidence from Plaintiff as to the 'state of mind' of the defendants." Dkt. 112 at 3. Plaintiff also submits, "the court made the production of new evidence a condition precedent for my amended complaint." Dkt. 113 at 2. The Court did no such thing. The Court's Order allowed Plaintiff to re-plead; the Court's guidance was to help Plaintiff focus on weak portions of his case when amending his claims.

At the motion to dismiss stage, the Court accepts a Plaintiff's pleadings as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that for a motion to dismiss, courts take all factual allegations in the complaint as true, but are not required to accept legal conclusions couched as factual allegations) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, Federal Rule of Civil Procedure 8 merely requires a statement, not evidence – "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff may allege facts in good faith, to be supported by evidence gathered later in the litigation. Moreover, *pro se* filings have "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Therefore, a document filed

2

*pro se* is to be liberally construed. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Plaintiff has it backwards to say that his amended complaint "could not be finalized before conclusion of discovery." Dkt. 113 at 2. In our judicial system, discovery cannot be a prerequisite to the filing of a lawsuit. Discovery comes after responsive pleadings if the merits of the case so warrant. Plaintiff further claims, "Defendants relied on things outside this complaint so it is in essence a motion for summary judgment." Dkt. 113. Again, Plaintiff misconstrues the record at this stage. A responsive motion under Rule 12 will be treated as one for summary judgment if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). This refers to additional materials in the record beyond the pleadings. Here, Defendants did not include any additional exhibits to the motion to dismiss.[1] Rule 12 allows Defendants to assert a wide range of defenses, regardless of whether they are discussed in the complaint, and nothing at bar converts the pending motion to dismiss into one for summary judgment. As a result, Rule 56 is not yet applicable to this case.

For these reasons, the Court **OVERRULES** any objections to Magistrate Judge Davis' orders, and **DENIES** Plaintiff's requests (Dkts. 107, 112, 113) to further amend his complaint and subpoena evidence at this time. Plaintiff was bound by the January 24, 2020 filing deadline for his Amended Complaint; there shall be no further extension to the deadline or amendment to the Amended Complaint. The requests for subpoenas are premature. Plaintiff may submit his response to the motion to dismiss based on good faith belief of what is contained in the video at issue, and the Court will consider the statements as evidence of its contents. Plaintiff shall file a

---

[1] Only Plaintiff has augmented the record with materials outside the pleadings. Dkt. 99.

3

response to Defendants' Motion to Dismiss within ten days of the date of this Order.[2]

Defendants shall have seven days to reply. Given the current circumstances related to COVID-19, there is no hearing for the motion to dismiss unless the Parties hear otherwise. As such, the hearing set for April 10, 2020 (Dkt. 100) shall be removed from the Court's calendar.

The clerk is **DIRECTED** to mail a copy of this Order to the *pro se* Plaintiff.

It is **SO ORDERED.**

March 24, 2020
Alexandria, Virginia

Liam O'Grady
United States District Judge

---

[2] Given the relief granted to Plaintiff regarding mailed filings, the opposition must be received in the clerk's office within fifteen days of the date of this order.